**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2340-17T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANTHONY S. BRAILSFORD,
a/k/a ANTONY S. DRAILSFORD,

    Defendant-Appellant.

_____

Submitted January 16, 2019 – Decided February 7, 2019

Before Judges Koblitz and Currier.

On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment No. 17-03-0177.

Cynthia H. Hardaway, attorney for appellant.

Michael A. Monahan, Acting Prosecutor of Union County, attorney for respondent (James C. Brady, Special Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Anthony S. Brailsford appeals from an October 25, 2017 conviction, seeking reversal of the June 30, 2017 pretrial decision denying his motion to suppress the results of a court-ordered DNA test. He subsequently pled guilty to second-degree robbery, N.J.S.A. 2C:15-1(a)(1) and the numerous remaining counts of the indictment were dismissed pursuant to a plea agreement. Defendant was sentenced to eight years in prison, subject to an 85% parole disqualification, pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2. After reviewing the record in light of the contentions advanced on appeal, we affirm.

The facts alleged by the State in Union County Prosecutor's Office Detective Ted Merced's affidavit in support of its request to detain defendant to obtain a DNA test were not contested at the pre-trial suppression motion. Merced stated that on April 18, 2014, Elizabeth Police Officers responded to a scrap yard where the owner reported that she, her husband, employees and customers had been held hostage, beaten and robbed by five men with guns. Four of the assailants drove off in a U-Haul truck, while the remaining perpetrator took a 2001 black Ford pickup truck, which was eventually found abandoned. Later, the police chased the U-Haul, which crashed into a police car. The police and suspects exchanged gunfire. One suspect was apprehended

in the rear compartment of the U-Haul, three suspects fled from the U-Haul, but were caught immediately, and the fifth suspect eluded capture. The police found guns and other items connected to the robbery in the U-Haul. DNA analysis revealed that many of the items were connected to the captured individuals. A "black gaiter mask," which covers the neck and lower face, contained the DNA of an unknown male. In the same area of the crash, a wallet was found two months later, in June 2014, containing defendant's identification cards.

Almost two years later, in May 2016, an anonymous caller told the owner of the scrap yard that the fifth suspect was defendant. The caller provided defendant's name and other identifying information, repeated specific information about the robbery, and stated that defendant was about to leave the area.

Two months later, in July, an anonymous caller told an Acting Assistant Prosecutor/Special Deputy Attorney General the same information, indicating defendant was planning on leaving the State in the next few weeks. Additionally, one of the men caught had stated that the fifth suspect went by the nickname "AB," defendant's initials. Defendant had no prior criminal record.

Merced prepared an affidavit describing the evidence and sought an order allowing law enforcement to detain defendant for no more than four hours to

obtain a buccal swab. The results of the DNA test led to the indictment against defendant.

The motion judge found, under the totality of the circumstances, sufficient evidence supported the brief detention for the purpose of obtaining the buccal swab sample.

Defendant argues on appeal:

> POINT I: DEFENDANT'S DNA SHOULD HAVE BEEN SUPPRESSED.

Rule 3:5A-4 lists the requirements for obtaining an investigation detention order:

> An order for investigative detention shall be issued only if the judge concludes from the application that:
>
> (a) a crime has been committed and is under active investigation, and
>
> (b) there is a reasonable and well-grounded basis from which to believe that the person sought may have committed the crime, and
>
> (c) the results of the physical characteristics obtained during the detention will significantly advance the investigation and determine whether or not the individual probably committed the crime, and
>
> (d) the physical characteristics sought cannot otherwise practicably be obtained.

A-2340-17T2

This test strikes "a fine balance between the State's interests in pursuing criminal investigations and the constitutionally protected privacy, liberty and personal integrity interests of all citizens upon whom criminal investigations might focus." State v. Rolle, 265 N.J. Super. 482, 486 (App. Div. 1993). Defendant contests (b), the "reasonable and well-grounded basis" to believe he "may have committed the crime." See R. 3:5A-4(b).

At the suppression hearing, the motion judge carefully reviewed the affidavit, finding the judge who entered the order allowing the detention to obtain the buccal swab based the order on the totality of the circumstances. A detention order "must be considered as 'the functional equivalent of an application for[] issuance . . . of a search warrant.'" State v. Hall, 93 N.J. 552, 557-58 (1983) (alteration in original) (quoting In re Fingerprinting of M.B., 125 N.J. Super. 115, 122 (App. Div. 1973)). "A search warrant is presumed to be valid, and [the] defendant bears the burden of demonstrating that the warrant was issued without probable cause or that the search was otherwise unreasonable." State v. Evers, 175 N.J. 355, 381 (2003). Similarly here, where a judge issued a detention order, the burden is on defendant to demonstrate its lack of validity to the second judge.

5

An investigative detention such as occurred here is considered less intrusive than a search requiring a warrant. "[N]o probable cause in the traditional sense is necessary to obtain court authorization where the proposed investigative detention does not entail significant intrusion upon individual privacy or freedom and can be effected without abuse, coercion or intimidation." In re Alleged Aggravated Sexual Assault of A.S., 366 N.J. Super. 402, 407 (App. Div. 2004). The two calls were anonymous and delayed, but they revealed inside information about the incident. While the affidavit contained hearsay, the many elements of the information in the affidavit taken together provided sufficient basis to believe defendant "may have committed the crime" and justify the investigative detention. The DNA evidence obtained was properly ruled admissible.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2340-17T2